UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pacific Receivables, LLC, | No. 2:23-cv-01081-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| T-3 Green House Supply, LLC, et al., | |
| Defendants. | |

    Plaintiff Pacific Receivables, LLC, brings this patent infringement action against defendants T-3 Green House Supply, LLC, Thomas E. Rawlings (erroneously sued as Thomas E. Rawlins) and Matthew Hawk.  Defendants move to dismiss plaintiff's complaint.  For the reasons below, the court **denies the motion without prejudice** for failure to meet and confer.

    Defendants did not seek to meet and confer prior to or during the briefing period.  *See* Mot., ECF No. 10; P. & A., ECF No. 10-1; Moore Decl., ECF No. 10-2.  This court's standing order requires attorneys to meet and confer with one another before they file motions.  *See* Standing Order at 3, ECF No. 3-1; *Mollica v. County of Sacramento*, No. 19-2017, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022).  Attorneys who intend to file motions must "discuss thoroughly the substance of the contemplated motion and any potential resolution."  Standing Order at 3.  "Counsel should discuss the issues sufficiently so that if a motion of any kind is filed

1

. . . the briefing is directed only to those substantive issues requiring resolution by the court." *Id.* If a motion is necessary after meeting and conferring, the moving party must include a certification by an attorney "that meet and confer efforts have been exhausted, with a brief summary of meet and confer efforts." *Id.* (emphasis omitted).

There is no indication defendants even attempted to meet and confer. With respect to the motion pending in this case, the court is not willing to excuse noncompliance with its standing order. "Meeting and conferring saves time and money for all involved—if done correctly. Productive discussions spare both the moving and opposing party the time they would otherwise have devoted to writing unnecessary or ineffective arguments." *Mollica*, 2022 WL 15053335, at *1. The court's requirement to meet and confer facilitates informal dispute resolution and thereby promotes judicial economy. Here, defendants argue plaintiff fails to allege sufficient facts and does not even own the patents in question. P. & A. at 3. In a meet and confer, plaintiff's counsel could have the opportunity to "carefully evaluate the defendant's contentions as to deficiencies in the complaint," Standing Order at 3, and the parties may be able to narrow the disputes requiring the court's resolution. Because defendants' motion is not in compliance with the standing order, and the court finds there is no reason to excuse the meeting and conferring requirement, the court **denies without prejudice** defendants' motion to dismiss. The motion hearing on defendants' motion set for August 11, 2023, is hereby **vacated.**

This order resolves ECF No. 10.

IT IS SO ORDERED.

DATED: July 12, 2023.

CHIEF UNITED STATES DISTRICT JUDGE